564 So.2d 147 (1990)
Marvin KELMAN, Appellant,
v.
Adolph H. MOTTA, M.D., Etc., Appellees.
No. 88-03224.
District Court of Appeal of Florida, Fourth District.
June 13, 1990.
Rehearing Denied August 7, 1990.
*148 G. William Allen, Jr., of Walton, Lantaff, Schroeder & Carson, Fort Lauderdale, for appellant.
Karl L. Santone, of Karl L. Santone, P.A., Miami, for appellees.
DOWNEY, Judge.
Marvin Kelman appeals from an adverse final judgment entered upon a jury verdict in favor of Adolph H. Motta, M.D., in a medical malpractice case.
It appears that Kelman was referred by his regular doctor, Robert A. George, to Dr. Motta, a surgeon, for possible gallbladder surgery. Being dissatisfied with the surgery, Kelman sued Dr. Motta for medical malpractice. During the trial Kelman proposed to use Dr. George's deposition except for certain parts to which Kelman objected. These parts had to do with Dr. George vouching for Dr. Motta's general medical ability and expertise. Dr. George went so far as to state that he had referred a vast number of surgical cases to Dr. Motta, all of which had been handled with excellent results and that Dr. George could not conceive of Motta committing medical malpractice. The trial judge sustained the objection to most of these inadmissible references and to a great extent defense counsel agreed. Nevertheless, when Kelman's counsel read Dr. George's deposition into evidence, with the exception of some irrelevant colloquy, he read the entire deposition, including the excised portions. Thus, on closing argument, counsel for Dr. Motta commented on these passages that were favorable to Dr. Motta.
On appeal, Kelman contends the trial court erred in allowing Dr. George's testimony vouching for Dr. Motta to be introduced into evidence; for denying his motion for a directed verdict on the issue of comparative negligence; for instructing the jury on comparative negligence; and for allowing the case to be tried in "a poisonous atmosphere" due to publicity at the time concerning the impending vote on Proposition 10 having to do with the malpractice insurance crisis.
The third point regarding Proposition 10 was not preserved by proper objection. The subject was explored during voir dire examination without any untoward results *149 and no motion for a continuance or other relief was ever made.
We also find that no reversible error was demonstrated regarding the reading of Dr. George's deposition. During the hearing to consider Kelman's objections to certain parts thereof, the trial court granted many of Kelman's objections. However, Kelman's counsel read virtually the entire deposition. He, therefore, made the witness his own and waived the court's prior rulings thereon.
Finally, regarding the alleged error in instructing the jury on comparative negligence, it appears that Kelman had agreed that this was an appropriate instruction; he did not object to the instruction at the charge conference, and he did not object after the court had so instructed the jury. Even if the alleged error had been properly preserved for appeal, under the facts of this case such an instruction was appropriate because the comparative negligence alleged on the part of Kelman occurred after he came under the care of the treating physicians for the condition. The comparative negligence alleged was the failure to follow the physicians' advice to have the surgery, not Kelman's failure to properly care for his body prior to seeking any treatment. See Matthews v. Williford, 318 So.2d 480 (Fla. 2d DCA 1975). The injury sustained by Kelman was not separate and distinct from his procrastination in having the surgery and, thus, there was some evidence that Kelman could have exacerbated the condition and made surgery more difficult. Hence, comparative negligence was an issue for the jury upon which an instruction was appropriate. Moreover, there was no finding of comparative negligence by the jury anyway  the issue was not reached by them since they found no negligence on the part of the defendant  so the issue is mooted by the result.
Accordingly, finding no reversible error demonstrated, the judgment appealed from is affirmed.
ANSTEAD and LETTS, JJ., concur.